Samsco v. Hartford                CV-92-564-M    12/19/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Samsco, Inc.

    v.                                              Civil No. 92-564-M

Hartford Accident and Indemnity
Company, et al.


**O R D E R**


Defendants Hartford and Maine Bonding move to amend their answers to include cross claims against Massachusetts Bay.[1] Massachusetts Bay objects, first arguing that the New Hampshire contribution statute, RSA § 507:7-f, g(IV)(c), precludes such claims absent the plaintiff's consent. Because Hartford and Maine Bonding hold an assignment of Samsco's claims against Massachusetts Bay and are now, essentially, acting as plaintiffs in the declaratory judgment action, they obviously meet the statute's permission requirement.

Massachusetts Bay also objects on grounds that the proposed amendments are futile because the cross claims cannot survive summary judgment. To be futile, the proposed amended must fail to state a claim upon which relief may be granted. Glassman v. Computervision, 90 F.3d 617, 622-23 (1st Cir. 1996). Since the appropriate standard is the same as that used in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

_____

[1]The insurance companies are, in full, Hartford Accident and Indemnity Company, Maine Bonding and Casualty Company, and Massachusetts Bay Insurance Company, respectively.

Massachusetts Bay's argument based on summary judgment grounds is misplaced.  The proposed cross claims state contribution claims against Massachusetts Bay that may be tested on their merits. See <u>Foman v. Davis</u>, 371 U.S. 178, 181 (1962).

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' joint motion to amend (document no. 41) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 19, 1997

cc:  Bruce W. Felmly, Esq.
     Brian T. McDonough, Esq.
     James G. Walker, Esq.
     E. Tupper Kinder, Esq.
     Theodore Wadleigh, Esq.